IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENISE MCNAMARA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1616** |
| | § | |
| WILMINGTON TRUST, NA, TRUSTEE FOR MFRA TRUST 2015-1, FAY SERVICING, LLC AND SHELLEY ORTOLANI, | § § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Emergency Motion for Temporary Restraining Order ("Motion") (Doc. 11), filed August 30, 2017. After considering Plaintiff's motion, Defendants' response, the evidence, and applicable law, the court **denies** Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 11).

**I.     Factual and Procedural Background**

On June 2, 2017, Denise McNamara ("Plaintiff") originally filed this action in the 134th District Court of Dallas County, Texas, against Wilmington Trust, NA, Trustee for MFRA Trust 2015-1, Fay Servicing, L.L.C., and Shelley Ortolani ("Defendants") to prevent a June 6, 2017 foreclosure sale on Plaintiff's residence by Defendants. Plaintiff and her husband, Timothy McNamara, are the owners of the house and lot located at 5906 Yardley Court, Dallas, Texas (the "Property"). The foreclosure action was initiated because of Timothy McNamara's undisputed mortgage defaults. Timothy McNamara ("Borrower") is the borrower under the subject mortgage.

Borrower is past due for the March 1, 2010 payment and all subsequent payments. Borrower is not a party to this lawsuit.

In the state action, Plaintiff sought monetary damages and injunctive relief to prevent Defendants from foreclosing on the Property. On June 6, 2017, the state court granted Plaintiff's request for temporary restraining order that prevented a foreclosure sale on the Property. A hearing regarding Plaintiff's request for a temporary injunction was set for June 20, 2017, at 9:00 AM. On June 19, 2017, Defendants filed their Notice of Removal and removed the action to federal court.

Prior to this lawsuit, Plaintiff filed a lawsuit in *McNamara et al. v. JPMorgan Chase Bank, NA et al.* (Case No. 3:12-CV-03731-P) in an attempt to prevent a foreclosure sale on the Property following Borrower's mortgage default. The case was dismissed by summary judgment. *McNamara v. JPMorgan Chase Bank*, N.A., No. 3:12-CV-3731-P, 2014 WL 12531109 (N.D. Tex. Apr. 30, 2014). Following the dismissal of that case, Plaintiff initiated two bankruptcy proceedings that prevented a foreclosure sale on the Property. Following the second bankruptcy case, Plaintiff initiated this lawsuit.

## II. Standard for Preliminary Injunction or Temporary Restraining Order

There are four prerequisites for the extraordinary relief of preliminary injunction or TRO. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy

a cumulative burden of proving each of the four elements enumerated before a TRO or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.

In considering these four requirements and deciding whether to grant injunctive relief, courts must keep in mind that the granting of a TRO or preliminary injunction "is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion," and a TRO or preliminary injunction is necessary "to preserve the court's ability to render a meaningful decision on the merits." *Callaway*, 489 F.2d at 573. Thus, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction [or TRO]." *Id.*

### III. Analysis

Plaintiff has not satisfied all four requirements for the issuance of a TRO. The court first considers whether Plaintiff has shown a substantial likelihood of success on the merits. Plaintiff alleges a cause of action for wrongful foreclosure. Plaintiff has not alleged any defect in the foreclosure notices, and there is no evidence or allegation that Plaintiff has lost possession of the Property. Under Texas law, there is no cause of action for wrongful foreclosure if the mortgagor does not lose possession of the home. *Sevilla v. Federal Nat'l Mortg. Ass'n*, No. 3:15-CV-3594-B, 2017 WL 697783, at *6 (N.D. Tex. Feb. 22, 2017) (citing *Baker v. Countrywide Home Loans, Inc.*, 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (citing *Peterson v. Black*, 980 S.W.3d 818, 823 (Tex. App.—San Antonio 1998, no pet.)). Therefore, Plaintiff cannot

recover on a theory of wrongful foreclosure, and she fails to establish a substantial likelihood of success on the merits.

The court next considers whether Plaintiff has shown there is a substantial threat that irreparable harm will result if a TRO is not granted. Defendants filed their Notice of Removal on June 19, 2017; Plaintiff did not file her Emergency Motion for Temporary Restraining Order until August 30, 2017. This unexplained delay undercuts Plaintiff's assertion that there is either an immediate or substantial threat that irreparable harm will result if the requested injunctive relief is not granted. *Talon Transaction Techs., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-CV-00902-P, 2013 WL 12173219, at *2 (N.D. Tex. July 24, 2013) (A delay in seeking a remedy is an important factor when considering the requirements for injunctive relief.) (citing *GoNannies, Inc. v. GoAuPair.com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006)). The party seeking extraordinary relief of a preliminary injunction or TRO must satisfy each of the four elements for a TRO. The court need not discuss the remaining elements because Plaintiff has failed to establish two of the elements necessary to show that she is entitled to relief. Accordingly, the court **concludes** that Plaintiff cannot satisfy each of the four elements required for the issuance of a TRO.

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 11).

**It is so ordered** this 1st day of September, 2017.

Sam A. Lindsay
United States District Judge